UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRADLEY RAY CAIRNES,<br><br>        Plaintiff,<br><br>v.<br><br>CITY OF SPOKANE POLICE DEPARTMENT; OCEAN SHORES POLICE DEPARTMENT; PACIFIC POLICE DEPARTMENT; and FEDERAL BUREAU OF INVESTIGATION,<br><br>        Defendants. | NO. 2:19-CV-0104-TOR<br><br>ORDER DISMISSING COMPLAINT |

BEFORE THE COURT is Plaintiff Bradley Ray Cairnes' Complaint (ECF No. 1). Plaintiff is proceeding *pro se* and *in forma pauperis*. The Court has conducted the required screening. For the reasons discussed below, the complaint is dismissed.

## STANDARD OF REVIEW

Section 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that is frivolous or malicious; fails to state

ORDER DISMISSING COMPLAINT ~ 1

a claim on which relief may be granted[1]; or seeks monetary relief against a defendant who is immune from such relief. *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc). To survive screening, the complaint must contain more than "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Bare conclusions are insufficient to establish a plausible claim and mere legal conclusions "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. at 678-79.

Generally, the facts alleged in a complaint are to be taken as true and must "plausibly give rise to an entitlement to relief." *Id.* However, as the Supreme Court has found, a district court may dismiss an *in forma pauperis* complaint if the facts alleged are "clearly baseless"; that is, where the allegations are "fanciful", "fantastic" and "delusional". *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325-28 (1989)). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise

---

[1] The standard for reviewing a motion to dismiss pursuant to Rule 12(b)(6) is similarly based on whether the non-moving party has failed to state a claim on which relief can be granted, so Rule 12(b)(6) standards govern a § 1915 review for legal sufficiency. *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013)

to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

Whether or not a claim is frivolous "is a decision entrusted to the discretion of the court entertaining the *in forma pauperis* petition." *Id.* Notably, [b]ecause a § 1915(d) dismissal is not a dismissal on the merits, but rather an exercise of the court's discretion under the *in forma pauperis* statute, the dismissal does not prejudice the filing of a paid complaint making the same allegations. It could, however, have a res judicata effect on frivolousness determinations for future *in forma pauperis* petitions." *Id.* at 34.

**DISCUSSION**

According to Plaintiff, Defendants – "with the intent to commit murder" and "disguised as law enforcement" – "stalked Plaintiff in an organized, relentless manner that terrorized him and his daughters, ultimately killing the girls and poisoning Plaintiff with Arsenic[.]" ECF No. 1 at 1. Plaintiff asserts that, "as part of their plan[,] [they] have successfully prevented Plaintiff from receiving proper medical care which will soon result in his death and they have achieved their goals using their positions of authority and public trust as law enforcement and court officials." ECF No. 1 at 1. According to Plaintiff, "Plaintiff began taking video and photo evidence in 2013" and attached said evidence to the Complaint. ECF No. 1 at 2. However, nothing is attached to the Complaint.

Plaintiff asserts that that he "needs immediate medical attention" and "requests that the court order proper medical treatment under its supervision to begin immediately to treat the poisoning these evil people have committed[,]" warning that "[i]f the court does not order this[,] Plaintiff will soon die." ECF No. 1 at 2. Plaintiff also requests the Court "order [D]efendants to cooperate fully and without hesitation to assist Plaintiff in immediately finding his daughters and that they are ordered to obey both state and [f]ederal laws without discretion and before arresting Plaintiff that they must first consult with this court as to its basis." ECF No. 1 at 2.

The Court finds that Plaintiff's allegations are frivolous as they are wholly incredible. Without identifying any particular actor, Plaintiff alleges a broad conspiracy amongst agents of several agencies to kill him and his family. While he claims his daughters have been killed as part of the conspiracy, he requests assistance in locating his daughters. Further, while he alleges that the actors were *disguised* as law enforcement, he is pursuing a claim against the law enforcement agencies themselves, without any mention of the actual actors. The Complaint must therefore be dismissed. The Court finds amendment would be futile.

Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one, and good faith is demonstrated when an

individual "seeks appellate review of any issue not frivolous." *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). For purposes of 28 U.S.C. § 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The Court finds that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact. Accordingly, the Court hereby revokes Plaintiff's *in forma pauperis* status. If Plaintiff seeks to pursue an appeal, he must pay the requisite filing fee.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff Bradley Ray Cairnes' Complaint (ECF No. 1) is **DISMISSED**.

2. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact. Plaintiff's *in forma pauperis* status is hereby **REVOKED**.

The District Court Executive is directed to enter this Order and Judgment accordingly, furnish copies to Plaintiff, and close the file.

DATED June 11, 2019.



THOMAS O. RICE
Chief United States District Judge